The Law Offices of
Benjamin C. Tiller
P.O. Box 1262
Helena, MT 59624
Attorney for the Debtors
P (406) 422-7912
F (866) 422-1252
Tiller@bctlaw.com
State Bar # 9976

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re ) <br> KIRK M. KETCHUM and ) <br> BECKY J. KETCHUM, ) <br> Debtors. ) | Cause No: 12-60007-13 |

### DEBTORS' FIRST MODIFIED CHAPTER 13 PLAN DATED 6/4/2012

1.  The future earnings and other income of the Debtor is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this plan, and Debtor shall pay to the Trustee **$455.00** per month for 60 months, except for months **5, 17, 29, 41, and 53, in which the Debtors will make an additional payment of $1820.00, for a total plan payment of $2275.00 in those months**. The Debtors estimate the plan will take **60 months** to complete.

2.  From the payments so received, the Trustee shall make disbursements as follows:

(a) Administrative Claims. In advance of all other claims, the Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(1), including the debtor's attorney fees and costs in such amount as may be allowed by the court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor (excluding the fee for filing the Debtor's petition) will be as follows:

| | | |
|---|---|---|
| Estimated total attorney fees: | | $ 3,500.00* |
| Estimated total costs: | + | $ 500.00 |
| Total estimated attorney fees and costs: | = | $ 4,000.00 |
| Less retainer: | – | $ 1,200.00 |
| TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: | | $ 2,800.00 |

\*  If this figure differs from the Disclosure of Compensation originally filed by the Debtor's attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P. 2016(b).

(b) Impaired Secured Claims. After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim* | Rate of Interest |
|---|---|---|---|
| **BENEFICIAL** | **UN-FILED** | **SEE PROOF OF CLAIM** | **3.5%** |

**ACCT # ******3137**

| | | | |
|---|---|---|---|
| **LEWIS & CLARK COUNTY TREASURER** 188724432080000 | UN-FILED | SEE PROOF OF CLAIM | 3.5% |

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens until their allowed secured claims have been paid in full, together with interest. In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) Unimpaired Secured Claims. The following secured creditors, whose claims will be left unimpaired by this plan, are not provided for by this plan and shall receive no payments through the trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Claim No.** | **Description of Collateral** |
|---|---|---|
| BENEFICIAL ACCT # ******-**-544987-7 | UN-FILED | DEBTORS' HOMESTEAD 1825 Lincoln St., Helena, MT |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| NONE | |

(d)  DOMESTIC SUPPORT OBLIGATIONS.  After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| **Creditor** | **Complete Address** | **Claim Amount** |
|---|---|---|
| NONE | | |

(e)  PRIORITY CLAIMS.  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f)  GENERAL UNSECURED CLAIMS.  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, non-priority claims on a pro rata basis.

(g) LIQUIDATION ANALYSIS. The total amount distributed under paragraphs 2.(d), (e) and (f) will be at least **$870.00** which is more than or equal to what would be available to pay unsecured claims if the debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. The estimated liquidation value of the Debtor's estate is **$815.00**; a discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3.  REJECTION OF CONTRACTS OR LEASES. The debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| **Type of Agreement** | **Date of Agreement** | **Other Party to Contract** |
|---|---|---|
| NONE | | |

4.  SURRENDER OF PROPERTY.  The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| Secured Creditor | Description of Collateral |
|---|---|
| **POLARIS/HSBC** | **2005 POLARIS SNOWMOBILE VIN # SN1NL8CS25C513469** |

5.  POSTPETITION SECURED DEBT:  The Debtor(s) reserve the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to debtor(s) performance under this plan.

6.  REPORT OF CHANGES IN INCOME:  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7.  OTHER PROVISIONS

**PROPERTY OF THE ESTATE**
Debtors' homestead property shall remain property of the estate and shall vest in the Debtor only upon dismissal, discharge, or conversion. Debtors shall be responsible for the preservation and protection of all property of the estate at all times, including the period of time between confirmation of the Debtors' plan and the dismissal, discharge, or conversion of this case.

**NON-MONETARY DEFAULTS**
Confirmation of this plan will act as a cure of all prepetition, non-monetary defaults with respect to all creditors.

**EXECUTORY CONTRACTS**
The Debtor rejects any and all executory contracts to which she is a party, whether listed or not.

8.  DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9.  EFFECTS OF CONFIRMATION:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

10. PREVIOUS BANKRUPTCIES, AND DISCHARGE:  (Check one)

    ☐   Debtor(s) is not eligible for a discharge of debts because the debtor(s) has previously received a discharge described in 11 U.S.C. § 1328(f).

    X   Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. INCOME TAX REFUNDS:  (Check one)

    ☐   Debtor(s) projects no income tax refunds during the term of this plan.  As a result, no income tax refunds will be turned over to the trustee.

    ☐   Debtor(s) projects income tax refunds during the term of this plan.  During the applicable commitment period of the plan, as defined in 11 U.S.C. § 1325(b)(4), Debtor(s) will turn over to the trustee all net income tax refunds.

    X   Debtor(s) projects income tax refunds during the term of this plan, and such tax refunds are included in the Debtor's budget.

    DATED THIS **4th** day of June, 2012.

    **/s/ KIRK M. KETCHUM**                                                     **/s/ BECKY J. KETCHUM**

| | |
|---|---|
| _____ | _____ |
| **_KIRK M. KETCHUM_** | **_BECKY J. KETCHUM_** |
| *Debtor* | *Joint Debtor* |

## CERTIFICATE OF MAILING

I, the undersigned, Benjamin C. Tiller, Esq., do hereby certify under penalty of perjury that a copy of the within and foregoing Debtors' First Chapter 13 Plan Dated June 4, 2012, was sent by first class mail postage prepaid on June 6th, 2012, at Helena, Montana, and directed to the following:

BANK OF AMERICA
PO BOX 1598
NORFOLK, VA 23501

BENEFICIAL/HFC
PO BOX 3425
BUFFALO, NY 14240

CAP ONE
PO BOX 85520
RICHMOND, VA 23285

CBNA
PO BOX 6497
SIOUX FALLS, SD 57117

CRDT SYSTEMS
PO BOX 875
HELENA, MT 59624-0875

CREDIT ASSOCIATES INC
1308 12TH AVE S
GREAT FALLS, MT 59405

DIRK LARSEN
PO BOX 1692
GREAT FALLS, MT 59403

HSBC/POLRS
90 CHRISTIANA RD
NEW CASTLE, DE 19720

Internal Revenue Service
P.O. Box 7346
Philidelphia, PA 19101-7346

INTRMTN COLL
1401 N. OAKES
HELENA, MT 59604

JULIA SWINGLEY
PO BOX 534
HELENA, MT 59624

MIDLAND CREDIT MGMT IN
8875 AERO DR
SAN DIEGO, CA 92123

Montana Department of Revenue
Kim Davis, Bankruptcy Specialist
P.O. Box 7701
Helena, MT 59604-7701

MOUNTAIN STATE ADJUSTM
123 W 1ST ST STE 430
CASPER, WY 82601

ONEMAIN
PO BOX 499
HANOVER, MD 21076

SMITH LAW FIRM

PO BOX 1691
HELENA, MT 59601

St. Peter's Hospital
PO Box 6228
Helena, MT 59601

WEBBANK/DFS
1 DELL WAY
ROUND ROCK, TX 78682

WELLS FARGO BANK
PO BOX 14517
DES MOINES, IA 50306

 L&C County Treasuere
316 N. Park Rm 113
Helena, MT 59623

CITY OF HELENA
316 N. PARK AVENUE
HELENA, MT 59623

/s/ Benjamin C. Tiller, Esq.
_____

Benjamin C. Tiller, Esq.